28 C.C.P.A.(Patents)

## In re CROWE.

### Patent Appeal No. 4406.

Court of Customs and Patent Appeals.
March 31, 1941.

J. F. Brandenburg, of New York City (Charles W. Neill, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office rejecting all of the claims (7 to 13, inclusive) in appellant's application for a patent for an alleged invention relating to improvements in the method of flame hardening shafts.

With the exception of claim 12, which is not expressly limited to "flame hardening," claim 9 is illustrative of the appealed claims. It reads: "9. The method of hardening shafts and other round stock involv- ing the application of flame heat to the surface of the round stock followed by .quenching, characterized in that continuous relative rotary and longitudinal motions are produced between the heating agency and the round stock, that the quenching is simultaneous with the heating and follows close behind the region of heating in the direction of longitudinal motion, that the speed of longitudinal motion is kept slow in relation to the speed of rotation, and that the application of heat is confined to a limited angle of the shaft surface, which angle is so related to the rate of longitudinal motion that a substantial penetration of the heat below the surface of the shaft is ob- tained before the shaft is quenched."

It appears from appellant's application that during the heating operation there is relative rotary movement of the shaft and longitudinal movement of the heating agency; that the "application of heat is confined to a limited angle of the" shaft's surface, which angle, according to claim 9, "is so related to the rate of longitudinal mo- tion that a substantial penetration of the heat below the surface of the shaft is ob- tained before the shaft is quenched"; that water jets are used in the quenching proc- ess; and that the quenching, when em- ployed, "is simultaneous with the heating and follows close behind the region of heating in the direction of longitudinal mo- tion."

It is stated in appellant's brief that:

"In the flame hardening of shafts there is danger of producing a hardened shell or case that will crack loose from the under- lying metal and spall off after the shaft is put into use and subject to an increase in stress caused by vibration, change in temperature, or other service conditions. Spalling is generally the result of a steep temperature gradient which produces a sharp or abrupt change from a hard to a soft zone [in the shaft] with resulting high concentration of stresses.

"The density of the hardened section of the shaft is different from that of the un- hardened metal, and when the internal stresses caused by temperature changes are concentrated within a small section of the metal because of an abrupt change from hard to softer metal these concentrated stresses sometimes cause a break in the metal along the juncture of the hard and soft metal."

Although the theory advanced by counsel for appellant in the quoted excerpt from

their brief seems plausible, no authority is cited in support thereof nor is reference made thereto in appellant's application. It is apparent, however, from his application that appellant is able, by means of the method defined in the appealed claims, to control not only the degree but also the depth of hardness in the shaft.

No question is raised by the Patent Office tribunals as to the usefulness of appellant's method. The appealed claims were rejected on the ground that they did not involve patentable subject matter in view of the disclosures in the references of record.

The references relied upon are:

Jackman et al., 1,367,049, February 1, 1921.

Mordey, 1,412,484, April 11, 1922.

Shorter (Br.), 303,196, December 31, 1928.

Klopp, 1,801,090, April 14, 1931.

Kinzel (Br.), 428,995, May 22, 1935.

Taylor, 2,065,627, December 29, 1936.

The patent to Jackman et al. relates to an apparatus for hardening relatively small and thin articles, such as saw blades and the like, and discloses a flame hardening apparatus in which the back of the blade is embedded in a groove of a "bed or table" in order to prevent it being heated; thus only the exposed portion of the article is heated, and, after heating, is immediately cooled by a suitable quenching medium such as oil.

The patent to Mordey relates to the hardening of articles of iron, steel, and alloys, including plates, sheets, rods, etc. In the patentee's process the articles are hardened by arranging them "in the magnetic circuit of an alternate current electro-magnet which may be one phase or multiphase and is so constructed that an alternating magnetic flux will be induced in the steel article under treatment of sufficient value to set up eddy currents therein of such strength, aided to some extent by magnetic hysteresis, as to heat the steel article to the temperature required." The patentee states that when the article is properly heated it may be allowed to fall into a quenching bath to harden, or it may be quenched by water or air issuing from a nozzle. The article being heated may be moved relative to the stationary alternate current electro-magnet, and the "frequency [of the alternating current] may be varied, as one means of controlling the depth or penetration of the heat in the article."

The patent to Shorter discloses a series of burners and quenching jets entirely surrounding a shaft. By the patentee's method the shafts are progressively heated and quenched by relatively rotating them with the burners and quenching means. This reference discloses progressive flame hardening, as does appellant. However, in the reference the heat is applied to the entire circumference of the shaft, whereas in appellant's method the heat is confined to an angle substantially less than the circumference of the shaft. No mention is made in the patent about controlling depth of hardening.

The patent to Klopp relates to the flame hardening of bearing surfaces of shafts, particularly driving shafts, and discloses an apparatus in which a shaft is rotated in front of burners, the entire length of the shaft being heated at the same time. After the shaft is heated to the proper temperature, it is dropped into a quenching tank.

The patent to Kinzel relates to the surface flame hardening of shafts, and discloses a method in which a blowpipe and the shaft are moved relative to one another. The shaft may be rotated while the blowpipe is moved back and forth along the entire length of the shaft until the critical range of temperature has been reached, at which time a cooling medium is applied to the shaft.

The patent to Taylor relates to a process of flame hardening metal articles, and was cited by the Primary Examiner because it discloses the use of a quenching fluid both in front of and behind the burner and in the direction of the movement of the burner.

Claims 8 to 13, inclusive, were rejected by the Primary Examiner on the patents to Jackman et al. and Mordey, in view of the patents to Klopp, Taylor, Shorter, and Kinzel, the examiner stating: " * * * In Mordey and Jackman the heating means is extended in the direction of the length of the object being heated to secure proper heating followed by a quenching means and to use this method on a round object and to rotate the round object to secure heating over the whole periphery is not deemed invention in view of Shorter, Klopp and Kinzel. The heating means of Mordey ['an alternate current electro-magnet'] is clearly the equivalent of a flame heating means and is of an extended nature to secure heating to the proper depth."

Claim 7 was rejected by the Primary Examiner on the above mentioned references and the patent to Taylor, which discloses the application of a cooling fluid against the heated surface in front of the heating agency.

In affirming the decision of the Primary Examiner, the Board of Appeals, among other things, said: "* * * we fail to see that the claims [8 to 12, inclusive,] are patentable over either Jackman et al or Mordey considered with Shorter and Klopp. It would not be inventive to heat and quench a round bar by means of the heating and quenching means of the first two patents and rotate the bar as the heating and quenching means are applied along the bar in view of Shorter and Klopp. The Shorter patent appears to be especially quite pertinent."

The board also concurred in the rejection of claims 7 and 13, for the reasons stated by the Primary Examiner.

It is apparent that the patent to Jackman et al. does not disclose a method of flame hardening which could be applied to shafts, and the only other reference which discloses a method of controlling the depth of hardening and varying the degree of hardness from the surface inwardly is the patent to Mordey. Mordey, however, uses an alternate current electro-magnet as a heating agency. He does not disclose the method of flame hardening, as does appellant. Furthermore, Mordey teaches the desirability of quenching the article only after the entire article has been heated to the proper temperature, whereas in appellant's method the quenching is simultaneous with the heating and follows in the direction of the longitudinal movement of the heating agency.

As hereinbefore noted, the Primary Examiner stated that the "heating means of Mordey is clearly the equivalent of a flame heating means and is of an extended nature to secure heating to the proper depth."

It may be that the heating means of Mordey is the equivalent of a flame hardening means so far as the result obtained is concerned. However, we are not here concerned with a means, but rather with a method, for obtaining the desired result.

The Patent Office tribunals did not hold that the disclosure in the patent to Mordey was an anticipation of the method set forth in the appealed claims, as it obviously is not, but, in rejecting the appealed claims, combined that and the Jackman et al. reference with the other references of record.

The patents to Shorter and Taylor disclose the idea of quenching simultaneously or immediately after the flame heating of shafts, and the patents to Klopp and Kinzel disclose the hardening of shafts by the flame heating process. However, none of those references disclose nor suggest the idea of controlling the depth of hardening. Furthermore, although the Mordey reference teaches the art how depth hardening may be controlled and the degree of hardness varied from the surface inwardly of shafts by means of an alternate current electro-magnet in the manner set forth, it does not suggest how those desirable ends can be attained by means of flame heat.

We are constrained, therefore, to disagree with the views expressed by the tribunals of the Patent Office that the method of flame hardening defined in appealed claims 7, 8, 9, 10, 11, and 13 is unpatentable in view of the references of record. Appealed claim 12, however, is not limited to a method of flame hardening, and we are of opinion that that claim was properly rejected on the references of record.

For the reasons stated, the decision of the Board of Appeals is modified, being affirmed so far as it relates to claim 12 and in all other respects reversed.